DANIEL P. SULLIVAN *vs.* LUKE DOYLE & others.

Suffolk.     December 3, 1935. — February 25, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Undue Influence.*

At the trial by jury of an issue of undue influence in procuring a will, no evidence of such influence was offered and it was proper to order the issue answered in the negative.

PETITION, filed in the Probate Court for the county of Suffolk on July 24, 1933, for proof of the will of Michael Doyle, late of Boston.

An issue, described in the opinion, was framed for trial by jury, and was tried in the Superior Court before *Sisk*, J. A verdict for the petitioner was ordered. The respondents alleged exceptions.

*I. H. Stern*, for the respondents.

*C. D. Driscoll*, for the petitioner.

CROSBY, J. It appears from the substitute bill of exceptions filed in this case that on July 27, 1933, an instrument purporting to be the will of Michael Doyle was filed for probate by Daniel P. Sullivan, who was named as executor and sole beneficiary under the will. Counsel for heirs at

law of the decedent filed motions in the Probate Court for Suffolk County for the framing of jury issues. The following issue was framed by the judge: "Was the instrument propounded for probate as the last will of said Michael Doyle procured to be made by the fraud or undue influence of Daniel P. Sullivan exercised upon the said Michael Doyle?" The issue was tried before a judge of the Superior Court and a jury.

During the course of the trial the judge ruled that counsel for some of the contestants were to be confined in their cross-examination "to matters outside of what counsel for other contestants had cross-examined on." An exception to this ruling, not having been argued by the excepting parties, is treated as waived.

Michael Doyle, the testator, was seventy-three years of age when he died on July 24, 1933. He never married and left as his only heirs at law a sister, Mary J. Sullivan of Boston, who has since died, a brother, Luke Doyle of Ireland, and several nieces and nephews, children of a brother and of a sister who had predeceased him. During the course of the trial the testator's sister, several nieces, and witnesses called by the contestants testified, including Daniel P. Sullivan, who was a son of the above named Mary J. Sullivan. At the close of the evidence counsel for the proponent presented a motion that a verdict be directed in his favor. This motion was allowed and the jury were directed to answer "No" to the issue presented. To this ruling, and to the verdict returned, the contestants excepted. The three witnesses to the will, one of them being the attorney who wrote it, testified at the trial. The evidence presented need not be referred to in detail. There was no evidence whatever that the instrument propounded for probate was procured to be made by the fraud or undue influence of Daniel P. Sullivan. The decedent was by occupation a hostler, and also worked as a common laborer. It appeared from the evidence that for some time before his death he suffered from a cancer on his lip; that he was admitted to the Pondville State Hospital at Wrentham on March 3, 1933, and remained there until his death on July 24 of

that year; that his relations with his nephew Daniel P. Sullivan, whom he made his sole beneficiary, were intimate and friendly; that the proponent was in the taxi business and visited the decedent at the hospital frequently up to the time of his death; and that the decedent was fond of this nephew, and had stated to one of the witnesses that his nephew Daniel (the proponent) was good to him, that he appreciated what his nephew was trying to do and was grateful to him.

An examination of the entire record fails to disclose any evidence that the instrument propounded for probate as the last will of Michael Doyle was procured to be made by fraud or undue influence of Daniel P. Sullivan exercised upon Michael Doyle.

*Exceptions overruled.*